JUDGE BARDIN
delivered the opinion oe the court.
This record contains transcripts of two suits, each resulting in a judgment for the sale of a tract of'about two hundred and twenty-five and one fourth acres of land, which descended from John P. Campbell, deceased, to his three infant children, subject to his widow’s dower; the first judgment, which was never executed, having been rendered in 1861, and the last, under which a sale was made, which this appeal seeks to avoid, having been rendered in 1867. In the progress of the last suit the former one was redocketed and consolidated with it; but as we do not presume that the validity of the last judgment of the sale is affected by or at all dependent on the first proceeding, it need not be. further noticed.
It is argued for the appellants that the proceedings are fatally irregular, and the sale void for non-conformity to the requirements of the 86th chapter of the Revised *500 Statutes iu several particulars. But the principal objection urged, and tbe only one we deem it necessary to notice, is that the report made by tbe commissioners appointed under tbe provisions of section 2 of article 3' of said chapter was not such as was essential to confer jurisdiction on tbe court to adjudge the sale. That section requires the commissioners to report “tbe net value of' tbe infant’s real and personal estate, and tbe annual profits thereof, and whether tbe interest of tbe infant or idiot required tbe sale to be made.”
Tbe report made fails strictly to respond to tbe question whether tbe interest of tbe infants required tbe sale to be made; but it states that the commissioner’s have no “hesitancy in saying it would be greatly to tbe interest of tbe infants aforesaid to decree a sale of tbe land.” But, waiving this, a more formidable objection to tbe report is that, while it states tbe true quantity of tbe land, it only shows tbe net value of tbe interest of each of tbe infants in about one hundred and seventy-one acres of tbe tract, leaving fifty-four acres two roods and sixteen poles which tbe report mentions as having been allotted as tbe widow’s dower; but tbe report wholly fails to show tbe net value of tbe infants’ estate in remainder in tbe dower land.
It moreover appears from an exhibit filed with tbe petition identifying tbe land, certified by the county court clerk, that, although the petition sought a sale of the land as an undivided tract, tbe widow’s dower bad not only been allotted, but the residue of tbe land bad been divided into three parcels of unequal quantities, and assigned to tbe infants respectively. It thus appears that by some proceeding tbe interests of tbe infants bad been severed and restricted to particular boundaries; and as, from various causes, at tbe date of tbe report tbe net values and annual profits of these several lots may have differed, a substantial *501 as well as a literal compliance with, the law required the commissioners to make tbeir report conform to these facts.
We are of the opinion therefore that even if it was not fatally irregular to adjudge a joint sale of the several interests of the parties, said report was not such as the statute required to give the court jurisdiction, and the judgment and sale are void.
"Wherefore the judgment is reversed, and the cause remanded, with directions to set aside the sale, and for further proceedings not inconsistent with this opinion.